## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CORY STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01175 RWS |
| | ) | |
| SOUTHWESTERN ILLINOIS COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM AND ORDER OF TRANSFER</u>

This matter is before me on self-represented Plaintiff Cory Stalling's motion to proceed in forma pauperis. [ECF No. 3]. The motion will be provisionally granted. Additionally, the Court will transfer this case to the United States District Court for the Southern District of Illinois. Plaintiff's motion for counsel will be denied without prejudice with leave to refile her motion in the United States District Court for the Southern District of Illinois. [ECF No. 2].

Plaintiff Cory Stallings, who lives in Belleville, Illinois, brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, for alleged unlawful employment practices. Defendant, Southwestern Illinois College (SWIC), is in Belleville, Illinois, and the facts giving rise to the complaint occurred there. There appears to be no connection between this case and Missouri.

Although venue in civil actions is generally governed by 28 U.S.C. § 1391, venue in both Title VII and ADA cases is controlled by the specific provisions set forth in 42 U.S.C. § 2000e-5(f)(3). *Standifer v. J.B. Hunt Transp., Inc.*, No. 22-cv-2069-JAR-GEB, 2022 WL 5038198, at *2 (D. Kan. Oct. 4, 2022) ("Title VII and the ADA share an exclusive venue provision."); *Prosseda v. Windham Grp.*, No. 1:23-23069, 2025 WL 45692, at *2 (D.N.J. Jan. 8, 2025) (citation omitted)

(internal quotation marks omitted) ("Venue in actions brought under Title VII or the ADA is governed by specific statutory provisions, which are mandatory and well-settled, thereby rendering other general venue statutes inapplicable.").

Section 2000e-5(f)(3) provides that venue for an ADA or Title VII claim is proper (1) in any judicial district in the state where the unlawful employment practice is alleged to have been committed; (2) in the judicial district where the employment records relevant to the alleged unlawful practice are maintained and administered; or (3) in the judicial district where the claimant would have worked but for the alleged unlawful employment practice. In addition, if the defendant is not found within any of the districts described in provisions (1) through (3), the statute "allows the action to be brought in the judicial district where the [defendant] has its principal office." *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013).

In this case, venue is proper in the Southern District of Illinois where Defendant is located. Under 28 U.S.C. § 1406(a), the "district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." I find that it is in the interests of justice to transfer this case to the Southern District of Illinois rather than to dismiss it at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is provisionally granted, *see* ECF No. 3, subject to modification by the United States District Court for the Southern District of Illinois.

**IT IS FURTHER ORDERED** that the Court shall deny, without prejudice, Plaintiff's motion for appointment of counsel. [ECF No. 2]. Plaintiff may renew her motion for counsel in the United States District Court for the Southern District of Illinois.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Southern District of Illinois. *See* 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1406(b).

Dated this 7th day of August, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE