IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORY STALLINGS,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SOUTHWESTERN ILLINOIS COLLEGE,**<br><br>       **Defendant.** | Case No. 3:25-CV-1636-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cory Stallings, proceeding *pro se*, filed this action against Defendant Southwestern Illinois College, her employer, alleging disparate treatment and harassment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* (Doc. 1). The case was transferred to this district court pursuant to 28 U.S.C. § 1406(a) after having initially been filed in the Eastern District of Missouri. (Doc. 4). The case is now before the Court on Stallings's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 3), which was considered by the Eastern District of Missouri prior to transfer and provisionally granted, subject to this Court's modification. (Doc. 4).

Normally, the fee for filing a complaint and opening a civil case is $405.00. A federal court may permit an indigent party to proceed *in forma pauperis*, that is, without prepayment of fees or costs, as long as the action is not clearly frivolous or malicious. 28 U.S.C. § 1915(a)(1). To demonstrate indigence, an applicant must submit an affidavit

asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The test for determining whether an action is clearly frivolous is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

Here, the Court is satisfied from Stallings's affidavit that she is indigent. Stallings states that she has only one source of income, the wages from which are barely sufficient to cover her monthly expenses. (Doc. 3). She has no other source of income, no money in a checking or savings account, and is responsible for two dependents. *Id.* As Stallings is unable to pay the filing fee, and because nothing in the file indicates this action is clearly frivolous or malicious, her Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is granted. The Court notes, however, that it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) should it become apparent in the future that the action is frivolous or malicious.

The Court also, *sua sponte*, directs Stallings to amend her complaint to provide a more definite statement of her claims. Under Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a). In other words, the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*,

721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. Under Rule 12(e), a court may order a party to provide a more definite statement when the original pleadings are "so vague or ambiguous" that the opposing party cannot reasonably be required to frame a response. *Mitchell v. Elec. Beach Tanning Salon Ltd.*, No. 18 C 7475, 2019 WL 1077127, at *2 (N.D. Ill. Mar. 7, 2019).

Currently, the Complaint suffers from a number of defects. It contains few facts and little context explaining what happened in case. While Stallings provided her Notice of Right to Sue from the Equal Employment Opportunity Commission and an Employment Discrimination Complaint form from the Eastern District of Missouri, she did not provide her Charge of Discrimination that explains her allegations. (Doc. 1). The Court is unsure of the basis for her allegation that the ADA even applies, let alone that it was violated. In sum, the Complaint as it stands is so vague that the opposing party cannot reasonably be required to respond to it.

For these reasons, the Court orders Stallings to amend her Complaint to provide a more definite statement of the facts and claims she is alleging. At minimum, the amended complaint should include a more thorough statement of the facts, a list of the parties to this case, and the legal claims asserted. Stallings should also attach the Charge of Discrimination that she filed with the EEOC. The Court encourages Stallings to review

the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Stallings to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

For these reasons, Plaintiff Cory Stallings's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **GRANTED**.

Stallings is further **ORDERED** to file an amended complaint on or before **October 3, 2025**. Failure to comply with this Court's order may result in the dismissal of this action.

**IT IS SO ORDERED.**

DATED:   September 3, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**