IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY STALLINGS, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-1636-NJR |
| SOUTHWESTERN ILLINOIS COLLEGE, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on *pro se* Plaintiff Cory Stallings's Amended Complaint (Doc. 10). The Court granted Stallings's Application to Proceed in District Court without Prepaying Fees or Costs but determined her initial complaint was deficient under Rule 8(a) of the Federal Rules of Civil Procedure; consequently, Stallings was ordered to file an amended complaint. (Doc. 11). In Stallings's amended complaint, she continues to allege that her employer, Defendant Southwestern Illinois College, has discriminated, harassed, and retaliated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Doc. 13). She seeks reinstatement to her old position, money damages, and costs. *Id.*

Because Stallings is proceeding without prepayment of the filing fee, the Court must screen Stallings's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v.*

*Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

Stallings's amended complaint, while an improvement over her original, fails to state a claim under § 1915(e)(2)(B)(ii). "To bring a claim under the ADA, the plaintiff must allege that they are disabled." *Koty v. DuPage County*, 900 F.3d 515, 519 (7th Cir. 2018) (citing *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)). Stallings does not do so. Nor does she allege facts tying the alleged discrimination and harassment to her disability—another requirement to state a claim. *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022) (to state a claim for discrimination under the ADA, plaintiff must allege "(1) she is disabled; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (3) she suffered an adverse employment action; and (4) the adverse action was caused by her disability" (citing *Kurtzhals v. County of Dunn*, 969 F.3d 725, 728 (7th Cir. 2020))); *Ford v. Marion County Sheriff's Off.*, 942 F.3d

839, 856 (7th Cir. 2019) (to state a claim for harassment under the ADA, plaintiff must allege "(1) they were subject to unwelcome harassment; (2) the harassment was based on their disability; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability" (cleaned up)).

The amended complaint similarly fails to state a claim for retaliation because Stallings does not allege facts showing she was engaged in "protected activity" under the ADA. *Brooks*, 39 F.4th at 433 ("[F]or a retaliation claim, [a plaintiff] must show that '(1) she is engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two.'" (quoting *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 924 (7th Cir. 2019))); *see also, e.g.*, *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015) (explaining that "protected activity" means seeking an accommodation for or raising a claim of discrimination because of one's disability). Raising concerns of discrimination to Human Resources is not enough to constitute protected activity. (*See* Doc. 13, at 5–6). Instead, Stallings must allege that the discrimination she reported to Human Resources was *due to her disability*.

The Court is sensitive to Stallings's *pro se* status and as such will give Stallings one more chance to amend her complaint. In this second amendment, Stallings *must* identify her basis for invoking the ADA—namely, her disability and facts supporting the above-listed elements for each of her four claims. If Stallings fails to do so a third time, the Court may dismiss this case with prejudice.

For these reasons, Plaintiff Cory Stallings is **ORDERED** to file an amended

complaint on or before **January 5, 2026**. Failure to comply with this Court's order may result in the dismissal of this action.

    **IT IS SO ORDERED.**

    **DATED:   December 5, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**