IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY STALLINGS,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWESTERN ILLINOIS COLLEGE,<br><br>Defendant. | Case No. 3:25-CV-1636-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on *pro se* Plaintiff Cory Stallings' Second Amended Complaint (Doc. 15). The Court granted Stallings' Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3) but determined her initial Complaint (Doc. 1) and first Amended Complaint (Doc. 13) were each deficient; consequently, Stallings was twice ordered to file an amended complaint. (Docs. 11, 14). In Stallings' second amended complaint, she alleges that her employer, Defendant Southwestern Illinois College, has discriminated, harassed, and retaliated against her based on Stallings' association with her disabled daughter in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Doc. 15). She seeks money damages and costs.[1] *Id.*

---

[1] In her first amended complaint, Stallings additionally sought reinstatement to her old position. (*See* Doc.13, at 4). However, because "[t]he filing of an amended complaint has the effect of superseding the original complaint," *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1048 (N.D. Ill. 1995), the Court assumes she is no longer seeking that form of relief. If this is not the case, Stallings is advised that any future amendments of her complaint will be governed by Rule 15 of the Federal Rules of Civil Procedure.

Because Stallings is proceeding without prepayment of the filing fee, the Court must screen Stallings' second amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it is clearly frivolous or malicious, fails to state a claim on which relief may be granted, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

In screening Stallings' second amended complaint, it is not immediately apparent to the Court that it fails to state a claim on which relief may be granted, as she has clarified that her basis for invoking the ADA is her association with her disabled daughter. Nor does it appear frivolous or malicious. Because the Court has already determined that Stallings is unable to pay the filing fee (Doc. 11), she may proceed on her second amended complaint.

For these reasons, the Court **DIRECTS** the Clerk of Court to provide Plaintiff Cory

Stallings with a USM-285 form. Stallings is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendant Southwestern Illinois College, and to deliver a service packet consisting of the summons, USM-285 form, and a copy of the Second Amended Complaint (Doc. 15) to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and Second Amended Complaint upon Defendant in any manner consistent with Rule 4, as directed by Plaintiff Cory Stallings. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

DATED:   December 18, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**