### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORY STALLINGS,

        **Plaintiff,**

v.

        **Case No. 3:25-CV-1636-NJR**

SOUTHWESTERN ILLINOIS
COLLEGE,

        **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte*. As set forth below, *pro se* Plaintiff Cory Stallings has failed to comply with this Court's orders or to prosecute his case. Accordingly, it shall be dismissed with prejudice.

On April 13, 2026, Defendant Southwestern Illinois College (SWIC) filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 36). Stallings's response was due May 15, 2026. SDIL-LR 7.1(b)(1)(A); Fed. R. Civ. P. 6(d). When no response had been received by May 20, 2026, this Court ordered Plaintiff Cory Stallings to show cause on or before June 3, 2026, why the Court should not consider the motion uncontested.[1] (Doc. 38). Stallings was warned that a failure to respond to the Court's order could result in sanctions or dismissal of his action. *Id.*

---

[1] Alternatively, Stallings could have filed his response by that date to satisfy the show-cause order. (Doc. 38).

Then, on May 27, 2026, Stallings failed to appear for a video scheduling conference.[2] (Doc. 39). On May 28, 2026, the Court extended the show-cause deadline to June 10, 2026, and ordered Stallings both to address his failure to respond to the motion to dismiss and to explain his absence at the scheduling conference. (Doc. 43). He was "once again warn[ed] . . . that a failure to comply with the show cause order may result in the dismissal of his case with prejudice." June 10 has come and gone, but Stallings has not filed a response.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A dismissal under this rule operates as an adjudication on the merits. *Id.* Here, Stallings is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from communicating with the Court or from complying with Court orders. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Retirement Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993) (alteration in original) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)).

---

[2] He also submitted two filings that same day: a "Notice to the Court Regarding Late Receipt of Filings" (Doc. 41), and a putative "Motion for Order to Show Cause" (Doc. 42). In response to the first filing, the Court extended the deadline to show cause. (Doc. 43). The Court denied the motion in Stallings's second filing, which was baseless and appeared to reflect a misunderstanding of litigation procedures. *Id.*

Because Stallings has failed to comply with this Court's orders and failed to prosecute this matter, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

NOTICE

If Stallings wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Stallings chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Stallings files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Stallings wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reasons that the Court should

reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.").

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Stallings showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Stallings chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Stallings cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Stallings plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial

filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   June 12, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**